## Naugle, Holcomb & Co. v. William E. Harreld.

1. Evidence—*Of Classification and Estimate of Work, When Improper.*—Evidence as to the classification of certain work done and as to the estimate of the amount to be paid therefor is improper and should be excluded, where the parties have provided in their contract. which they had a right to make, a mode of finally determining all such matters, and which excluded all other modes, and the person agreed upon as umpire is not dead nor had he refused to act.

2. Same—*Contract Best Evidence of What it Contains.*—Witnesses should not have been allowed to testify as to what a contract contained, since the contract spoke for itself and was in evidence.

**Assumpsit.**—Common counts. Appeal from the Circuit Court of Union County; the Hon. Joseph P. Robarts, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed March 3, 1902.

**Statement.**—Appellants, Edward E. Naugle, William H. Holcomb and Alfred P. Hopkins, were copartners doing business under the firm name of Naugle, Holcomb & Co., and had a contract with the Tennessee Central Railroad Company to build and construct a portion or all of its line of railroad in East Tennessee.

On the 28th of January, 1899, appellants entered into a written contract with appellee, by which appellee agreed to construct about one mile of the road between certain numbered stations of a section of the road in the foot hills of the Cumberland mountains. The contract provided that the work should be begun within ten days of its date, and should be completed by the first of May following. A clause of the contract fixing the prices for doing the work, etc., is as follows:

"Description of work: For clearing, per acre, twelve dollars and fifty cents ($12.50). Earth grade, free haul 500 feet, payment one way only, per cubic yard, twelve and one-half (12½) cents. Loose rock excavation, free haul 500 feet, payment one way only, per cubic yard, twenty-five (25) cents. Solid rock excavation, free haul 500 feet, payment one way only, per cubic yard, fifty (50) cents. Overhaul, per cubic yard, for each 100 feet in addition to the

500 feet, free haul, three-quarters (¾) of one cent. And it is mutually agreed between the parties hereto that all the material excavated by the contractor under this contract shall be classified as earth, loose rock or solid rock, and that the chief engineer of the railway shall determine how all excavated material shall be classified, and in all cases of dispute his finding or decision in the premises shall be conclusive on both the parties hereto."

The contract further provided that if appellee did not have his road ready for the tracklaying, that appellants might put in a force and complete the road and charge appellee the value of the work at the contract price.

By a further provision of the contract appellee bound himself to pay all damages done to persons or property during the performance of the work, which was occasioned by the act or neglect of appellee or his employes; and by a still further provision appellants reserved the right to pay the pay-rolls of appellee and of all sub-contractors.

The clause next preceding the final clause of the contract is as follows :

" It is mutually covenanted and agreed by and between the said parties hereto, that to prevent dispute or misunderstanding between them in relation to any of the stipulations and provisions contained in the specifications hereunto annexed, and of the plans and profile and drawings relating thereto, and for the speedy settlement of such as may occur, the chief engineer of the railway, who may be such at the time of the making of any final estimate, shall be, and is hereby made, constituted and appointed the umpire to finally decide all such questions and matters; and he shall also determine and set forth in the final estimate, the amount and quantity, character, kind and classification of all work and materials performed and furnished by the contractor under this contract, including all extra work and material, and his decision and determination as to any and all such questions, matters and things, shall have the force and effect of an award, and shall be final, binding and conclusive to all intents and purposes, and in all places, upon the said parties hereto."

Appellee commenced the work in February, and continued it until some time in September of 1899, when he claims to have finished it. On the contrary, appellants

claim the work was never completed by appellee, but that, before it was finished, the tracklayers approached so near, that appellants were compelled to put in a force of men and teams and do a part of the work, amounting to $375, which they charged to appellee, according to the terms of the contract. Appellee did not superintend the work until the time he claims it was finished, but about six weeks before his hands quit, he left Tennessee and came to Illinois, leaving one Jesse Glascow in charge of the work.

After appellants left Tennessee, one Shadden recovered a claimed judgment before a justice of the peace of Tennessee, against appellants, for the sum of $26.15, including costs, for damages claimed to have been done to Shadden's property by appellee's men in building the railroad, and which if so done, appellants were, under the law of Tennessee, liable. This judgment appellants paid, and charged appellee with it in his account.

During the time appellee was doing his work, appellants claim they paid appellee's pay-rolls and furnished him supplies from their commissary department, which two sums, with the $375 and the $26.15 before named, made appellee's debtor account to appellants amount to $9,528.01.

George T. Bigelow, chief engineer of the railroad company, made his final classification and estimate of the work done by appellee, and turned it over to appellants, as, at the time it was made, appellee and his foreman, Glascow, were gone from Tennessee. This classification and estimate showed the amount due appellee for the work done by him to have been $8,112.32; to this appellants added a check for $47.50 returned to them by appellee, thus increasing his credit account to $8,159.82, and sent a copy of the chief engineer's classification and estimate, with the $47.50 added, to appellee, by mail, and appellants settled with the railroad company on their contract with it to build the road on the basis of the engineer's classification and estimate. Appellee received the copy of the classification and estimate, but made no objection to it, either to the chief engineer or to appellants.

This suit was brought by appellants against appellee, to recover $1,368.19, which appellants claimed to be owing them by appellee, as the balance of the account between the parties.

A trial by jury resulted in a verdict for the defendant, which was followed by a judgment against appellants for costs, hence this appeal.

HILEMAN & SESSIONS, attorneys for appellants.

D. W. KARRAKER and JAMES LINGLE, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

The assignments of error by appellants, question the rulings of the court in admitting improper evidence to go to the jury on behalf of appellee, against appellants' objection, to which rulings appellants excepted.

They also question the rulings of the court in refusing to admit proper evidence offered by appellee, to which rulings appellants duly excepted.

The assignments of error also cover and embrace errors in refusing to give to the jury proper instructions offered by appellants and in giving improper instructions at the request of appellee, to which rulings appellants duly excepted.

The assignments also include other matters that it will not be necessary to notice, except indirectly.

As to the rulings of the court in admitting evidence to go to the jury on behalf of appellee concerning the classification of the material excavated, and as to the estimate of the amounts thereof, etc., the least that can be said in extenuation of the numerous erroneous rulings of the court in admitting it, is, that the court proceeded in the trial of the case upon an incorrect view of the law governing the matter, and seems to have entirely ignored one, at least, of the provisions of the contract between the parties, which it is evident was placed therein for the purpose of avoiding the pitfall into which the trial court has fallen.

Nearly all of the testimony introduced by appellee was for the purpose of classifying the material excavated, and estimating the amount thereof, and this testimony came from persons, including appellee himself, who did not, and frankly admitted, could not, establish by their own evidence, their qualification to classify the material or correctly estimate the amount excavated, as well and as correctly as the chief engineer of the road, who was selected by the parties in their contract, to make the classification and estimate.

There is no evidence in the record that the chief engineer of the railroad was guilty of any fraud or made any mistake in his classifications and estimates.

To give the numerous questions propounded to the several witnesses and their answers thereto, in detail, would extend this opinion to an immoderate length to no useful purpose.

All of the testimony of appellee's witnesses wherein they have testified as to the classification of the work done, and as to the estimate of the amount appellee was entitled to be paid for the work he did, was improper, and should not have been permitted to go to the jury for their consideration, and the court erred in admitting it, for the reason that the parties themselves had provided in their contract, which they had a right to make, a mode of finally determining all such matters and which excluded all other modes, and the person agreed upon as umpire was not dead nor had he refused to act.

Witnesses should not have been asked to testify what the contract contained, since the contract spoke for itself, and was in evidence; and while it is not easy to see how such testimony could have done harm before an intelligent jury, yet juries are not always so intelligent as to be able to distinguish between legal and illegal testimony; if they were, there would be little need of a judge to preside at a jury trial.

As to the so-called judgment of Shadden against appellants for $26.15, including costs, it does not appear that appellee had any notice from appellants of the pendency of

the suit for the recovery of damages caused by appellee's employes, and while the contract provides that appellee shall pay such claims, it does not provide that appellants shall not be required to give notice to appellee of such claims and the pendency of suits against appellants for the recovery of such damages; and while it is claimed by appellants that they proved appellee's servants did the damage sued for, appellee denies, not only that his employes committed the damage, but claims it was done by Shadden's employes or relatives, and the fact could have been easily proven on the trial before the justice of the peace, who rendered the claimed judgment. The matter of damages, then, can not be said to be *res adjudicata*, as claimed by counsel for appellants, and the judgment (if it was one, which we do not determine) was properly excluded from the jury.

As to the item in appellants' account of $375 claimed by appellants to be for work done by them to finish the road for the track-layers and which appellants claim was covered by their contract with appellee, and was included in the chief engineer's estimate of the amount and value of work done by appellee, we do not understand that appellee denies appellants did the work, but insists it was extra work, not covered by appellee's contract, and, as we understand the matter, appellee's counsel denies that the chief engineer's estimate of labor done by appellee includes the $375. As the judgment will have to be reversed for the errors already indicated, we do not now determine which of the parties is right, but leave them in a condition to take further evidence if desired.

The debtor account of appellee to appellants of $9,528.01, less the $375 and the $26.15, is made up of a large number of items, including pay-rolls, orders, goods sold, etc., many of which were admitted in evidence by the court, and many were excluded from the jury, and exceptions were taken to the rulings of the court in excluding them, and the rulings in a body, are assigned for error in this court. We shall not undertake to go through the hundreds of items of

charges on appellants' books and try to select those, the correctness of which are proven or admitted, from those held not properly proven, and the correctness of which was denied by appellee. The statement of counsel for appellants "that appellants have established by the greater weight of the evidence (not objected to), that they had paid out on account of and furnished to defendant $9,528.01," can hardly be correct, since that sum includes the total sum of every item of appellants' account, including those excluded from the jury, and for which exclusion appellants are now complaining.

In the opinion of the writer hereof, this case should be sent to a referee or to referees, to take the evidence and report it to the court, with conclusions of law and fact therein, as provided by chapter 117 of Hurd's Revised Statutes.

We do not deem the record in such a condition as to make it advisable that the instructions should be passed upon or the evidence further commented upon at this time.

For the errors indicated the judgment of the Circuit Court is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

Reversed and remanded.